```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 8:17-cr-306-VMC-AEP

OSHAD BRADLEY

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Oshad Bradley's pro se Motion to Vacate Armed Career Criminal Designation (Doc. # 51), filed on October 17, 2022. Mr. Bradley contends that his designation as an armed career criminal should be vacated, arguing that his ACCA predicate offenses did not support his conviction under 18 U.S.C. § 924(e) and § 922(g).

I.   **Procedural History**

On June 21, 2018, Mr. Bradley pled guilty to one count being a felon in possession of a firearm, in violation of Title 18 U.S.C. SS 922(g)(1) and 924(e). (Doc. # 34). On September 2, 2018, the Court sentenced Mr. Bradley to 135 months' imprisonment. (Doc. # 45). Mr. Bradley did not file a direct appeal. He has not previously filed a motion pursuant to 28 U.S.C. § 2255 or any other collateral attack on his sentence and conviction.

II. **Legal Authority**

In general, 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction or sentence, unless the remedy is inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Because Mr. Bradley filed his motion pro se, the Court has "an obligation to look behind the label" of his motion and "determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

Here, the claim that Mr. Bradley is asserting is cognizable pursuant to 28 U.S.C. § 2255. His claim alleges that his sentence was "imposed in violation of the Constitution . . . of the United States." 28 U.S.C. § 2255. Indeed, claims such as the one Mr. Bradley raises here should be addressed pursuant to a motion to vacate under Section 2255. See Jasmin v. United States, No. 3:16-cv-761-TJC-JBT, 2016 WL 6071663, at *3 (M.D. Fla. Oct. 17, 2016) ("A challenge to the ACCA enhancement is cognizable on collateral review under § 2255[.]"); Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("We can collaterally review a misapplication of the Armed Career Criminal Act because,

unlike an advisory guideline error, that misapplication results in a sentence that exceeds the statutory maximum.").

### III. Notification

Since Mr. Bradley is collaterally attacking his conviction, the proper avenue for relief is under 28 U.S.C. § 2255. Accordingly, pursuant to Castro v. United States, 540 U.S. 375 (2003), Mr. Bradley is hereby notified that his Motion will be re-characterized as a motion to vacate under 28 U.S.C. § 2255. This means that any subsequent Section 2255 motion will be subject to the restrictions on second or successive motions. Accordingly, Mr. Bradley may elect to (1) withdraw his Motion, (2) file an amended motion, including all Section 2255 claims he believes he has, or (3) have the Motion construed as a Section 2255 motion as filed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant shall, within 21 days of the date of this Order, file a response to this Order notifying the Court whether he (1) withdraws his motion, (2) intends to amend the motion, or (3) desires that the motion be considered a 28 U.S.C. § 2255 motion as filed. If the Defendant fails to respond to this Order, or otherwise refuses to indicate his desired option, the instant motion will be

3

considered a Section 2255 motion and taken under advisement.

(2) If Defendant intends to file an amended Section 2255 motion, he is granted leave to do so within 45 days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of December, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE